IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

|                              |   |                                      |
|------------------------------|---|--------------------------------------|
| CPFILMS, INC.,               | ) | Case No. 4:06CV00064                 |
| Plaintiff,                   | ) |                                      |
|                              | ) | **MEMORANDUM OPINION**               |
| v.                           | ) |                                      |
|                              | ) |                                      |
| BEST WINDOW TINTING, Inc.,   | ) | By: Jackson L. Kiser                 |
| HARRY C. NELSON              | ) |     Senior United States District Judge |
| and                          | ) |                                      |
| MICHAEL KOWALCYZK,           | ) |                                      |
|                              | ) |                                      |
| Defendants.                  | ) |                                      |

Before me now is CPFilms, Inc.'s ("Plaintiff's") Motion to Remand against Best Window Tinting, Inc., Harry C. Nelson and Michael Kowalcyzk ("Defendants"). The parties have briefed the issues and oral arguments have been heard. The motion is therefore ripe for decision. For the reasons stated herein, Plaintiff's Motion to Remand is **DENIED.** The Stay on these proceedings is hereby **LIFTED**.

**I.     LEGAL STANDARD**

*A.     Motion to Remand*

In considering the removal of a lawsuit to federal court, the Supreme Court and Fourth Circuit have held that courts "must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505

1

(E.D.Va. 1992). The burden of establishing whether the statutory and jurisdictional requirements for removal is on the removing Defendants. *Mulcahey v. Columbia Organic Chemicals Co., Inc*., 29 F.3d 148 (4th Cir. 1994). Cases based on diversity jurisdiction, as this one is, can be heard in federal courts where the suit is between citizens of different states and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. §1332. The defendant is ordinarily bound by the amount in controversy claimed by the plaintiff unless "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan v. Cahill*, 58 F. 3d 106, 112 (4th Cir. 1995).

## II.  STATEMENT OF THE FACTS

Plaintiff CPFilms is incorporated in Delaware, has its principal place of business in Virginia and makes and sells solar control films for tinting windows. Defendant Best Window is a California corporation that buys and installs the Plaintiff's window films pursuant to an Authorized Dealer Agreement ("Dealer Agreement"). Plaintiff CPFilms filed for Chapter 11 Bankruptcy in late 2003. At about the same time, CPFilms stopped honoring its warranties. Defendant Best Window withheld payment for previously delivered products from the Plaintiff because the Plaintiff's failure to honor the warranties caused the Defendant to become involved in warranty disputes with customers and lose business.

2

Pursuant to their business arrangements, Defendant Best Window had a credit account with CPFilms which included a Credit Agreement and Guaranty ("Credit Agreement"). Best Window along with Defendants Michael Kowalcyzk and Harry Nelson (President and Vice President of Best Window respectively) are all jointly and severally liable under this agreement. The Credit Agreement provides for 18% yearly interest on past due amounts as well as "additional collection costs, including reasonable attorneys' fees." In the *ad damnum* clause of the Complaint, the Plaintiff alleged that the total amount due and payable from the Defendants was $75,000.00.

### III.   PROCEDURAL HISTORY

The Plaintiff originally filed this action in the Circuit Court in Martinsville, Virginia. Defendant Best Window filed a Motion to Dismiss the state proceeding on October 10th, 2006, but the other defendants filed no pleadings there. All Defendants filed a Notice of Removal to this Court on October 18, 2006 along with a Motion to Dismiss or Transfer Action to California. Defendants also filed an action against the Plaintiffs in the United States District Court for the Central District of California, Southern Division. This case was initially referred to Magistrate Judge Michael F. Urbanski and then to Magistrate Judge B. Waugh Crigler. On October 26, 2006, the Plaintiff filed a Motion to Stay Proceedings which Magistrate Crigler granted with leave for the Plaintiff to file this Motion for Remand. Plaintiff filed this Motion on November 16, 2006 and the Defendant responded on December 1, 2006. The Plaintiff filed a response brief on December 8. I heard oral arguments on this motion via conference call on December 12, 2006.

### IV.   DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 USCS § 1441. The Defendants before me removed this case on the basis of diversity jurisdiction. Neither litigant disputes the fact that the parties are diverse in citizenship, and the only issue before me is whether the amount in controversy "exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 USCS § 1332(a). The Plaintiff has alleged in the *ad damnum* clause of the Complaint specific damages of $75,000.00, missing the jurisdictional amount by one cent. The Defendants have argued that this difference can be overcome by including either attorney's fees or the pre-judgment interest. Alternatively, the Defendants argue that federal bankruptcy court jurisdiction exists. Because I have determined that the jurisdictional amount may include attorney's fees, diversity jurisdiction exists and this case may be removed. The Plaintiff's Motion to Remand the proceedings to state court is **denied** and there is no reason to delve into the issues of bankruptcy jurisdiction or pre-judgment interest.

The Supreme Court has included attorney's fees in calculating the jurisdictional amount where either a statute or contractual clause creates a substantive right to the fees. *See Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 542 (1913); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201-202 (1933); *see also* 1 Wright & Miller, *Federal Practice & Procedure* § 37 (2006) ("[I]t is now quite settled that [attorney's] fees are a part of the matter in controversy when they are provided for by contract, or by a state statute, so long as the fee demanded is reasonable."). This is the general rule in most courts and the Fourth Circuit is no exception. *Cast--A--Stone Products, Inc. v. Aetna Casualty & Surety Co.*, 379 F. Supp. 929, 932

4

(D.S.C. 1974) ("A reasonable attorney's fee, unliquidated at the time of filing a complaint, based on a private contract allowing such a fee to a successful party in the event of a lawsuit, is neither 'interest' nor 'costs' within the meaning of 28 U.S.C. § 1332(a)(1). . . but is part of the 'amount in controversy'"); *see also*, *Saval v. BL LTD*, 710 F.2d 1027, 1033 (4th Cir. 1983); *Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471, 475 (4th Cir. 2005) (unpublished).

The Plaintiff argued that the Credit Agreement in this case defines attorney's fees as "costs" and therefore cannot be included in the jurisdictional amount which is "exclusive of interest and costs." 28 U.S.C.S. §1332(a).  The Plaintiff notes that Congress defined attorney's fees awarded pursuant to the Magnuson Moss Warranty Act as "costs" excluded from the jurisdictional amount.  *Saval*, 710 F.2d at 1033.  In addition, the Plaintiff pointed out that private parties have been allowed to contractually waive federal jurisdiction in some cases, such as waiving the right to remove a case to federal court.  *Welborn v. Classic Syndicate, Inc.*, 807 F.Supp. 388 (W.D.N.C.,1992).  The Plaintiff contends that the parties in this case have similarly agreed to exclude attorney's fees from the jurisdictional amount by including the phrase "Applicant and Guarantor promise to pay additional collection costs, including reasonable attorneys' fees" in the Credit Agreement.

This argument ultimately fails.  The United States Supreme Court has defined the term "costs" in Section 1332(a) to mean "amounts taxable as such under Acts of Congress, rules promulgated by its authority and practice established consistently with governing enactments." *Kansas City S. R. Co. v. Guardian Trust Co.*, 281 U.S. 1, 9 (1930).  Where the law transforms attorney's fees into "a liability enforceable by proper judgment in a federal court," then the fees become a part of the matter in controversy.  *Missouri State Life*, 290 U.S. at 202; *Cast--A--Stone*

5

*Products*, 379 F. Supp. at 932.  In short, where either "state statutes or contractual provisions transformed attorneys fees into substantive rights to which the litigants were entitled" they become part of the amount in controversy.  *Saval*, 710 F.2d at 1033.  The Credit Agreement obliges the Defendant guarantors to pay the "collection costs, including reasonable attorneys' fees."  This clause transforms the attorney's fees from mere expenses associated with collecting the amount past due into a liability enforceable by this Court and a substantive right to which the Plaintiff is entitled.  The "collection costs" here are clearly not the "taxable costs" which are excluded from the amount in controversy as Section 1332(a) is interpreted by *Kansas City Southern Railway*.

As the attorney's fees combined with the specific damages of $75,000 in this case will meet the jurisdictional amount required for removal, there is no need to consider the alternative arguments for including interest in the jurisdictional amount nor the issue of bankruptcy jurisdiction.  This case may therefore be removed.

## V.  CONCLUSION

For the reasons stated above,  Plaintiff's Motion to Remand is **DENIED.**  The Stay on these proceedings is hereby **LIFTED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

6

ENTERED this 18th day of December, 2006.

                                            s/Jackson L. Kiser
                                            Senior United States District Judge